IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| GEORGETOWN RAIL EQUIPMENT COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>HOLLAND L.P., an Illinois corporation,<br><br>Defendant. | Case No. 6:13-cv-366 |

**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiff Georgetown Rail Equipment Company ("Plaintiff" or "Georgetown"), by and through its undersigned counsel of record, by way of complaint against Defendant Holland L.P. ("Defendant" or "Holland"), hereby alleges and avers as follows:

**NATURE OF THE ACTION**

1.    This is an action arising under the United States Patent Laws, 35 U.S.C. §§ 1, *et seq.*, including 35 U.S.C. § 271.  Georgetown brings this action to seek damages and injunctive relief arising out of Holland's infringement of Georgetown's U.S. Patent No. 7,616,329 ("the '329 Patent") attached hereto as Exhibit A.

**PARTIES**

2.    At all times relevant hereto, Plaintiff was and now is a Texas corporation duly organized and existing under the laws of the State of Texas, and having a principal place of business in Georgetown, Texas.  Plaintiff is the assignee of the entire right title and interest to the '329 Patent.

3. On information and belief, at all times relevant hereto, Holland was and is an Illinois corporation organized under the laws of the State of Illinois, and having a principal place of business in Crete, Illinois.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including that Defendant maintains corporate facilities in the form of a fixed plant welding location in Denison, Texas, and has at least one sales representative located in Keller, Texas, and that at least a portion of the infringement alleged herein occurred within this forum.

6. On information and belief, without limitation, within this forum, Defendant has engaged in at least the selling or using of the accused products listed herein. Further, on information and belief, Defendant has interactive websites which are used in and/or accessible in this forum. Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including due to regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## FACTS GIVING RISE TO THIS ACTION

8. Georgetown creates cutting-edge equipment in the railroad industry, providing innovative tools to railroads throughout North America. Georgetown's products stand out among the rest as technologically advanced, safer, more efficient, and more productive. Georgetown invests significant resources in protecting the intellectual property embodied by its products.

9. Holland makes, uses, sells, and offers for sale railroad track inspection systems in competition with Georgetown.

10. On information and belief, Holland has made, used, sold and/or offered for sale products and services covered by one or more claims of the '329 Patent, including, but not limited to Holland's Rail Vision Systems (the "Accused Products").

11. On information and belief, Holland has induced others to infringe one or more claims of the '329 Patent through the sales of products or services such as the Accused Products.

12. Further, on information and belief, Holland has contributorily infringed one or more claims of the '329 Patent through the sales of products or services such as the Accused Products.

13. Georgetown therefore seeks damages and a permanent injunction against Holland's manufacture, use, sale, or offer for sale of the Accused Products and any other Holland products or systems that infringe any claims of the '329 Patent.

## FIRST CAUSE OF ACTION
### Infringement of the '329 Patent

14. Paragraphs 1-13 are incorporated by reference as if set forth here in full.

15. The '329 Patent, which is titled "System And Method For Inspecting Railroad Track," issued on November 10, 2009. The named inventors are Christopher M. Villar, Steven

C. Orrell, and John Anthony Nagel, II.  The assignee of the '329 Patent is Georgetown.  A copy of the '329 Patent is attached as Exhibit A hereto.

16. On information an belief Holland's manufacture, use, sale, and offer for sale of the Accused Products constitutes infringement of at least one claim of the '329 Patent, either directly, indirectly, or under the doctrine of equivalents.

17. Holland's activities violate one or more subsections of 35 U.S.C. § 271.

18. On information and belief, Holland's infringement of the '329 Patent has been willful and deliberate.

19. If Holland's infringing activities are not enjoined, Georgetown will suffer irreparable harm that cannot be adequately compensated by monetary award.

20. Georgetown has suffered economic harm as a result of Holland's infringing activities in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

21. Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment against Defendant, as follows:

1. That judgment be entered in favor of Plaintiff on all claims for relief raised in the Complaint;

2. That judgment be entered that Defendant has infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '329 Patent and that the '329 Patent is valid and enforceable;

3. That judgment be entered that the Defendant's infringement is and/or has been willful and increasing the award of damage to Georgetown up to three times in view of Holland's willful infringement;

4. That a permanent injunction be entered enjoining Defendant, and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '329 Patent;

5. That judgment and order be entered requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '329 Patent as provided under 35 U.S.C. § 284;

6. That judgment be entered awarding Plaintiff for enhanced damages as provided under 35 U.S.C. § 284;

7. That judgment and order be entered finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorney's fees;

8. That judgment and order be entered awarding to Plaintiff all other relief to which Plaintiff may prove itself to be entitled; and

9. For such other and further relief as the Court deems just and proper.

Dated:  May 1, 2013           Respectfully submitted,

By */s/ Dana M. Herberholz*
Christopher Cuneo (admitted E.D. Texas)
Dana M. Herberholz (admitted E.D. Texas)
PARSONS BEHLE & LATIMER
960 Broadway Avenue, Suite 250
Boise, Idaho 83706
Telephone:  (208) 562-4900
Facsimile:  (208) 562-4901
Email:  ccuneo@parsonsbehle.com
           dherberholz@parsonsbehle.com

Trey Yarbrough
Texas Bar No. 22133500
Debby E. Gunter
Texas Bar No. 24012752
YARBROUGH WILCOX GUNTER, PLLC
100 E. Ferguson Street, Suite 1015
Tyler, Texas 75702
Telephone:  (903) 595-3111
Facsimile:  (903) 595-0191
trey@yw-lawfirm.com
debby@yw-lawfirm.com

Attorneys for Plaintiff Georgetown Rail Equipment Company