UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GEORGETOWN RAIL EQUIPMENT COMPANY, a Texas corporation, | § § § § § § § § § § § | |
| Plaintiff | | |
| v. | | No. 6:13-cv-366-JDL |
| HOLLAND L.P., an Illinois corporation | | |
| Defendant | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Georgetown Rail Equipment Company's ("Georgetown") Motion *in Limine* Number Four ("MOTION") (Doc. No. 192 at 16-17). Defendant Holland L.P. ("Holland") filed a response ("RESPONSE") (Doc. No. 196). The Court heard arguments regarding the motion on October 30, 2014. Georgetown moves the Court to prohibit Holland from presenting evidence or arguments at trial regarding any advice of counsel defense. Furthermore, Georgetown moves the Court to be permitted to introduce evidence or argument of Holland's absence of an opinion of counsel at trial as it is relevant to the totality of the circumstances regarding willfulness. Having considered the arguments before the Court and for the reasons set forth herein, Georgetown's fourth motion *in limine* is hereby **GRANTED** (Doc. No. 192 at 16-17).

## BACKGROUND

On May 1, 2013 Georgetown filed a complaint against Holland seeking damages and a permanent injunction against Holland's manufacture, use, sale, or offer for sale of Holland's Rail Vision Systems (the "Accused Products") and any other Holland products or systems that infringe any claims of United States Patent No. 7,616,329 (the "'329 Patent") (Doc. No. 1 at 3).

The Docket Control Order (Doc. No. 156) for this litigation required Holland to furnish documents and privilege logs pertaining to willful infringement by June 20, 2014 if it intended to do so. Holland did not produce these documents and has not indicated that it intends to produce any opinion-of-counsel evidence at trial. As such, it is precluded from introducing such evidence at trial.

The principal issue in this motion is whether Georgetown may introduce the absence of opinion of counsel as part of its case for willful infringement.

## LEGAL STANDARD

The Federal Circuit has emphasized that "there is no affirmative obligation to obtain opinion of counsel." *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Furthermore, it has instructed that "[t]he adverse inference that an opinion was or would have been unfavorable, flowing from the infringer's failure to obtain or produce an exculpatory opinion of counsel, is no longer warranted." *Knorr–Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004) (en banc) (cited in *Seagate*, 497 F.3d at 1370).

More recently, the Federal Circuit held that "[i]t would be manifestly unfair to allow opinion-of-counsel evidence to serve an exculpatory function . . . and yet not permit patentees to identify failures to procure such advice as circumstantial evidence of intent to infringe." *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 699 (Fed. Cir. 2008).

## DISCUSSION

Georgetown argues that the *Broadcom* holding allows for the failure to produce an opinion of counsel at trial to be considered by the finder of fact as part of the "totality of circumstances" regarding willfulness. Holland argues that *Broadcom* does not apply to the

present motion because *Broadcom* considered the role of the absence of the opinion of counsel in the context of an induced infringement claim, whereas the present litigation involves a direct infringement claim. Holland argues that the Federal Circuit allowed for the absence of attorney opinion to be produced for the purpose of proving the knowledge requirement of induced infringement. In a direct infringement claim, Holland argues, the only possible purpose for raising this issue is for the prohibited purpose of creating an adverse inference with regard to willfulness.

Holland's reading of *Broadcom* improperly narrows the scope of the Federal Circuit's holding. This district previously held, "For purposes of trial, *Broadcom* permits the finder of fact to consider the failure of the accused infringer to produce an opinion of counsel as part of the 'totality of circumstances' regarding willfulness." *Retractable Technologies Inc. v. Becton, Dickinson and Co.*, 2009 WL 8725107, at *3 (E.D. Tex. Oct. 8, 2009) (citing *Broadcom*, 543 F.3d at 698). Furthermore, the Federal Circuit's logic that "it would be manifestly unfair to allow opinion-of-counsel evidence to serve an exculpatory function . . . and yet not permit patentees to identify failures to procure such advice as circumstantial evidence of intent to infringe," applies equally in induced infringement and direct infringement claims. *Id.* at 699. Finally, the Federal Circuit's analysis of the jury instructions in *Broadcom* indicates that a party's failure to procure an opinion of counsel can be presented as evidence in both direct and indirect infringement claims:

> [I]n the context of instructions pertaining to willfulness, the district court instructed the jury as follows:
>
> > In considering whether [the accused infringer] acted in good faith, you should consider all the circumstances, including whether or not [the accused infringer] obtained and followed the advice of a competent lawyer with regard to infringement. The absence of a lawyer's opinion, by itself, is insufficient to support a finding of willfulness, and you may not assume that merely because

3

> a party did not obtain an opinion of counsel, the opinion would have been unfavorable. *However, you may consider whether [the accused infringer] sought a legal opinion as one factor in assessing whether, under the totality of the circumstances, any infringement by [the accused infringer] was willful.*
>
> This instruction comports with our holding in *Knorr–Bremse* [], where we held that there is not "a legal duty upon a potential infringer to consult with counsel, such that failure to do so will provide an inference or evidentiary presumption that such opinion would have been negative."

*Broadcom*, 543 F.3d at 698 (citations omitted) (emphasis added).

Accordingly, Georgetown is permitted to introduce evidence or arguments regarding the absence of an opinion of counsel at trial, but Georgetown cannot indicate Holland had an affirmative duty to seek an opinion of counsel, nor can it indicate that any adverse inference should be drawn as to what the content of an opinion of counsel would have been. For example, Georgetown is prohibited from presenting the argument that the absence of an opinion of counsel at trial means that any opinion obtained was negative or would have been negative. Moreover, Georgetown may not argue or present evidence that Holland sought an opinion of counsel but has declined to produce it. Any such arguments, inferences, insinuations, or implications would be irrelevant and would put "inappropriate burdens on the attorney-client relationship." *Seagate*, 497 F.3d at 1370 (citing *Knorr-Bremse*, 383 F.3d at 1345-46); *see also Retractable Technologies*, 2009 WL 8725107, at *3-4.

## CONCLUSION

For the foregoing reasons and in accordance with the above-mentioned instructions, Georgetown's fourth motion *in limine* is **GRANTED** (Doc. No. 192 at 16-17).

**So ORDERED and SIGNED this 17th day of November, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE